# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GLORIA D. ABRAM,
      Appellant,

    v.

DEPARTMENT OF THE TREASURY,
      Agency.

DOCKET NUMBER
AT-0752-16-0589-C-1

DATE: January 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gloria D. Abram, Decatur, Georgia, pro se.

Andrew M. Greene, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which dismissed as moot her petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the agency did not materially breach the settlement agreement at issue, we AFFIRM the initial decision.

## BACKGROUND

¶2 In June 2016, the appellant timely filed an appeal contesting the agency's decision to suspend her for 20 days from her position as a Contact Representative. *Abram v. Department of the Treasury*, MSPB Docket No. AT-0752-16-0589-I-1, Initial Appeal File (IAF), Tab 1, Tab 2 at 6-10. In August 2016, the parties executed a settlement agreement providing that, in exchange for the appellant's withdrawing her appeal, the agency agreed to "fully rescind" the suspension, restore all back pay, including overtime pay and leave that would have accrued during the suspension period, and "adjust any administrative personnel actions to reflect what would have otherwise occurred but for the suspension," including, but not limited to, a within-grade increase (WIGI) or step increase. IAF, Tab 13 at 4-8, 13. The administrative judge issued an initial decision finding that the Board had jurisdiction over the appeal, the settlement agreement was lawful, and the appellant understood the terms of the agreement and had voluntarily entered

into it.  IAF, Tab 14, Initial Decision (ID).  The administrative judge retained jurisdiction to enforce the agreement and dismissed the appeal.  ID at 2.

¶3        In September 2016, the appellant timely filed a petition for enforcement alleging that the agency was not in compliance with the settlement agreement because it had failed to pay her all the back pay she was owed and adjust administrative personnel actions, and the suspension was still reflected in her time and attendance records.  *Abram v. Department of the Treasury*, MSPB Docket No. AT-0752-16-0589-C-1, Compliance File (CF), Tab 1 at 6-7.  The agency responded that it was in compliance, as it had rescinded the suspension, adjusted the appellant's records to reflect a WIGI, and corrected her time and attendance records.  CF, Tabs 4, 5.  The appellant continued to allege that the agency had not fully corrected her time and attendance records, to which the agency responded that it had corrected the records to remove time codes showing the suspension and to reflect that she was in a work status during the period of the suspension, but that the agency record retention policy precluded it from changing the original entry recording the suspension in the agency's electronic time and attendance record system, and that thus the agency was in compliance with the agreement.  CF, Tabs 9, 13, 16.

¶4        The administrative judge issued a compliance initial decision finding that, although the appellant's time and attendance records would reflect the original suspension entry, the agency had "done all that it can do to rescind the appellant's suspension."  CF, Tab 18, Compliance Initial Decision (CID) at 2-3.  She found that, because the appellant had requested enforcement of the agreement, there was no further relief that the Board could order and dismissed as moot the compliance action.  CID at 3-4.

¶5        The appellant has timely filed a petition for review in which she argues that the administrative judge erred in finding that the agency was in compliance with the settlement agreement because she was entitled to have the original suspension entry in her time and attendance records removed as part of the agency's

agreement to rescind the suspension. Petition for Review (PFR) File, Tab 1 at 12-15. The agency has filed an opposition arguing that retaining the original suspension entry is not a material breach of the agreement. PFR File, Tab 3 at 6-8. The appellant has filed a reply to the agency's opposition. PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010). A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Id.* In a compliance action based on a settlement agreement, the burden of proving noncompliance rests with the party asserting that the agreement has been breached. *Raymond v. Department of the Navy*, 116 M.S.P.R. 223, ¶ 4 (2011). The appellant, as the party asserting the breach, must show that the agency failed to abide by the terms of the settlement agreement. *Id.* The agency nonetheless is required to produce evidence that it has complied with the settlement agreement. *Id.*

¶7    When interpreting a settlement agreement, we first ascertain whether the agreement clearly states the parties' understanding. *Conant v. Office of Personnel Management*, 255 F.3d 1371, 1376 (Fed. Cir. 2001). Any remaining ambiguities are resolved by implementing the parties' intent at the time the agreement was made. *Id.* Here, the pertinent provision of the settlement agreement provides that the agency is to "[f]ully rescind the Appellant's 20-day suspension[.]" IAF, Tab 13 at 5. The agreement does not specify how rescinding the suspension is to be effected, much less specify which documents or files are to be altered or removed to effect the rescission. *Id.*

¶8    Our reviewing court has opined that, in the context of a settlement agreement rescinding an adverse action and expunging records related to that adverse action, to "rescind" is to "destroy" and "erase" the adverse action and the reasons for it from the appellant's "professional record" with the agency. *Conant*, 255 F.3d at 1376.   In applying our reviewing court's precedential decisions regarding such agreements, also known as "clean record" agreements, we have construed the agreements to require the agency to expunge documents related to the adverse action from "all personnel records that are officially kept," and to not disclose such documents to third parties, even if the settlement agreement did not explicitly set forth these requirements. *Torres v. Department of Homeland Security*, 110 M.S.P.R. 482, ¶¶ 10-11 (2009) (discussing the Board's application of the standards set forth in *Conant*, 255 F.3d 1371, and *Pagan v. Department of Veterans Affairs*, 170 F.3d 1368 (Fed. Cir. 1999)); *see Felch v. Department of the Navy*, 112 M.S.P.R. 145, ¶¶ 9-14 (2009) (applying the standards for clean record agreements to the settlement of a suspension appeal).

¶9    We have extended these requirements to settlement agreements that require the agency to cancel or rescind the adverse action but are silent as to expunging records related to the action, as is the agreement here. *See Kitt v. Department of the Navy*, 116 M.S.P.R. 680, ¶¶ 8-10 (2011) (overruling *Cutrufello v. U.S. Postal Service*, 56 M.S.P.R. 99 (1992), as contrary to *Conant*, 255 F.3d 1371).   Despite the lack of provisions regarding expunging records in the settlement agreement at issue, the agreement necessarily required that records regarding the suspension be expunged from the appellant's personnel records for her to receive "that for which [she] bargained." *Pagan*, 170 F.3d at 1372.   Thus, if an entry in the agency's electronic time and attendance record system, which is the agency's official time and attendance record, is a personnel record, the agency's failure to remove the original entry recording the appellant's suspension in her time and attendance records would constitute a breach of the agreement.  CF, Tab 13 at 17.

¶10     Even if the agency's inaction constituted a breach of the settlement agreement, the breach was not a material one.  For the appellant to prevail in a compliance action, she must show not only that the agency acted in a manner that is inconsistent with a term of the settlement agreement, but that there was material noncompliance with a settlement term.  *See Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381 (Fed. Cir. 2007).  A breach is material when it relates to a matter of vital importance or goes to the essence of the contract.  *Id.*; *Flores v. U.S. Postal Service*, 115 M.S.P.R. 189, ¶ 9 (2010).  A party may establish such a breach of an agreement "by proving that the other party failed to comply with a provision of the contract in a way that was material, regardless of the party's motive."  *Flores*, 115 M.S.P.R. 189, ¶ 9 (citing *Link v. Department of the Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995)).

¶11     It is undisputed that the agency removed references to the suspension from the appellant's official personnel file and corrected her time and attendance records such that the hours for which she was recorded as in a suspension status were changed to reflect that she was in a work status.  IAF, Tab 12 at 4-5; CF, Tab 11 at 13-14, Tab 16 at 7, 20-21.  However, the agency did not change the original suspension entry in the appellant's time records, citing its document retention policy.  CF, Tab 13 at 17-18, Tab 16 at 22-23.  Thus, a numerical code remained in the historical data of the agency's electronic time and attendance records that showed the appellant in a suspension status for each of the 3 weeks in which she was originally in a suspension status.  CF, Tab 16 at 22-23.  The agency averred that the entry would be removed from the agency's records in accordance with its document retention policy, which provided that time and attendance source records may be destroyed after a Government Accountability Office audit or 6 years, whichever occurred sooner.  CF, Tab 13 at 17-18, Tab 16 at 59.  The agreement does not identify the relevance of correcting this historical data to rescinding the suspension, and the parties differ in their interpretation of the data's import; thus, we look to extrinsic evidence of the parties' intent at the

time they executed the agreement. *See Conant*, 255 F.3d at 1376; *Sweet v. U.S. Postal Service*, 89 M.S.P.R. 28, ¶ 15 (2001).

¶12    Prior to executing the settlement agreement, the agency moved to dismiss the initial appeal because it had rescinded the suspension action; however, the appellant disputed that the agency had fully rescinded the suspension because it had not "restor[ed] the appellant's back pay, overtime pay, and any other benefits lost as a result of the agency's adverse action." IAF, Tabs 6, 8, Tab 9 at 2. The resulting settlement agreement included provisions specifically addressing the agency's restoring back pay, overtime pay, leave, and a WIGI or step increase. IAF, Tab 13 at 5. Thus, at the time the agreement was executed, the parties appear to have been primarily concerned with restoring benefits the appellant had lost during the suspension, and there is no dispute that she received the benefits owed to her. CF, Tab 8 at 1. In addition, although not stated in the agreement, we have found that individuals often pursue the expungement of an adverse action to avoid any effect it may have on future employment. *Modrowski v. Department of Veterans Affairs*, 97 M.S.P.R. 224, ¶ 11 (2004); *see King v. Department of the Navy*, 130 F.3d 1031, 1033-34 (Fed. Cir. 1997).

¶13    According to an email exchange involving agency human resources employees that was entered into the record below, the historical data in question may only be reviewed by the appellant's immediate supervisor and the agency's payroll agent. CF, Tab 16 at 7-8. The appellant does not dispute this statement but alleges that anyone that her supervisor designates to input time records, such as a timekeeper, will have access to the historical data, and the new supervisor to which she has been assigned may see the data. CF, Tab 17 at 6. Regardless, those who may view the data are limited to those with a need to know about the appellant's time records, and there is no evidence that a future employer would be able to view the data. Thus, the historical data does not affect the appellant's future employment, nor does it affect the restoration of lost benefits contemplated by the agreement. We conclude that the historical data remaining in the

appellant's time and attendance records does not go to the essence of the agreement between the parties and thus does not constitute a material breach of the agreement. *See, e.g.*, *Barnett v. Department of Agriculture*, 113 F. App'x 908, 909-11 (Fed. Cir. 2004) (nonprecedential) (holding that the limited disclosure of a settlement agreement to agency employees did not materially breach the agreement)[2]; *King v. Department of the Navy*, 178 F.3d 1313 (Fed. Cir. 1999) (Table) (nonprecedential) (holding that a retirement record maintained by the Defense Finance and Accounting Service did not materially breach a clean record agreement); *Modrowski*, 97 M.S.P.R. 224, ¶¶ 11-12 (concluding that the Office of Personnel Management's retaining a retirement record containing a reference to the appellant's removal did not constitute a material breach of the settlement agreement).

¶14    While the settlement agreement does not provide for expunging the data in question, the agency must nevertheless observe appropriate safeguards so as to not injure the appellant's employment prospects or otherwise affect the confidentiality of the data. *See Baig v. Department of the Navy*, 66 M.S.P.R. 269, 275 (stating that, although an agency may retain a litigation file, it must observe appropriate safeguards to protect the appellant's employment prospects and confidentiality of the file), *aff'd*, 64 F.3d 677 (Fed. Cir. 1995) (Table). Should the appellant discover that the agency has disclosed information about the rescinded action to a third party, she may file a petition for enforcement regarding the disclosure.[3] *See Torres*, 110 M.S.P.R. 482, ¶ 11.

---

[2] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

[3] For the first time on review, the appellant also alleges that the agency acted in bad faith during settlement negotiations by withholding information about the document retention policy. PFR File, Tab 4 at 8-12. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The

¶15      In light of the agency's material compliance, there is no basis upon which the appellant is entitled to relief. Accordingly, we affirm the administrative judge's compliance initial decision, as modified by this Final Order, dismissing as moot the petition for enforcement.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

appellant has not established a basis for considering her newly raised argument; thus, we do not consider it.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of</u> <u>discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.